Wang v. Garland

BIA
Poczter, IJ
A206 289 951

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand twenty-one.

PRESENT:
> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> *Circuit Judges.*

———————————————————————

YI LUN WANG,
> *Petitioner*,

v.                                             19-2643
                                               NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

———————————————————————

FOR PETITIONER:        Felipe Alexandre, Esq., Alexandre
                       Law Firm, Flushing, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant
                       Attorney General; Stephen J.
                       Flynn, Assistant Director; Ann M.
                       Welhaf, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yi Lun Wang, a native and citizen of the People's Republic of China, seeks review of a July 23, 2019 decision of the BIA affirming a January 29, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Lun Wang*, No. A206 289 951 (B.I.A. July 23, 2019), *aff'g* No. A206 289 951 (Immig. Ct. N.Y.C. Jan. 29, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005).

Religious Persecution Claim

The agency did not err in concluding that Wang failed to establish his eligibility for relief on account of his conversion to Christianity in the United States. Absent past persecution, a noncitizen may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008). To do so, an applicant must show either a reasonable possibility that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting similarly situated individuals. 8 C.F.R. § 1208.13(b)(2)(iii). When an applicant's claim is based on activities commenced in the United States, the applicant "must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng*, 528 F.3d at 143.

The agency reasonably found that Wang, who did not assert that Chinese officials are aware of his religious practice, failed to establish a reasonable possibility that his religious practice would be discovered. His testimony that

3

he communicated with church members in the United States using an internet application monitored by the Chinese government is insufficient, particularly given that he did not describe those communications or show why they would be of interest to the Chinese government. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.")); *cf. Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (finding "most unlikely" the "suggestion that the Chinese government is aware of every anti-Communist or pro-democracy piece of commentary published online").

Further, the agency reasonably found that Wang failed to establish that his fear of future persecution on account of his religion was objectively reasonable. The agency did not err in focusing on persecution on the provincial level given evidence that the Chinese government's treatment of religious practitioners varies by region. *See* 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . ."); *see also Jian Hui Shao v.*

4

*Mukasey*, 546 F.3d 138, 142, 149, 169 (2d Cir. 2008) (finding no error in agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to his or her local area when persecutory acts varied by locality). The agency also did not err in concluding that evidence of brief detentions and one church closure in Wang's home province did not rise to the level of persecution. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) ("[P]ersecution does not encompass mere harassment.").

The agency also did not err in determining that Wang failed to demonstrate "systemic or pervasive" persecution of similarly situated Christians as needed to demonstrate a pattern or practice of persecution. The evidence reveals that tens of millions of Christians practice in unregistered churches in China and that in some areas restrictions are limited. *In re A-M-*, 23 I.&N. Dec. 737, 741 (B.I.A. 2005); *see also* 8 C.F.R. § 1208.13(b)(2)(iii).

Accordingly, the agency reasonably concluded that Wang failed to establish a well-founded fear of persecution on account of his religion. *See* 8 C.F.R. § 1208.13(b)(2). That finding was dispositive of Wang's requests for asylum, withholding of removal, and CAT relief.* *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (explaining that an applicant who fails to show sufficient risk of persecution required for asylum "necessarily fails" to meet the higher burdens for withholding of removal and CAT relief).

Imputed Political Opinion Claim

Wang argues that the BIA failed to consider his claim that he fears persecution on account of an anticorruption political opinion imputed to him based on his father's dispute with the Chinese government resulting from a refusal to pay bribes to local officials. His argument is without merit. The BIA adopted and affirmed the IJ's decision and reasonably concluded that Wang did not establish either past persecution

---

* The BIA and Government incorrectly conclude that Wang waived his CAT claim before the BIA. The IJ denied CAT relief in part because Wang failed to satisfy the lower burden of proving a well-founded fear of persecution. Thus, Wang's challenge to that finding on appeal to the BIA necessarily included a challenge to the denial of CAT relief.

to himself based on his father's dispute, *see Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007) ("[T]he statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer."), or a well-founded fear of future persecution on that ground given that local officials had not contacted his father since 2011 or expressed any interest in Wang, *see Jian Xing Huang*, 421 F.3d at 129; *see also Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding fear of persecution weakened when similarly situated family members remain unharmed in petitioner's native country).

Motion to Remand

The BIA did not abuse its discretion in denying Wang's motion to remand on the ground that his new evidence would not change the outcome of his case. *See Li Yong Cao*, 421 F.3d at 156. Wang's evidence did not establish that the Chinese government would be interested in his online communications, or describe incidents of harm in his home province directed at Christians and which would rise to the level of persecution. Absent evidence of increased

7

persecution, the BIA was not required to expressly address newly promulgated religious regulations discussed in a report Wang submitted on appeal.  *See Jian Hui Shao*, 546 F.3d at 169 ("[W]e do not demand that the BIA expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court